{¶ 29} I must dissent from the decision reached by the majority because, simply put, I do not believe anything was actually paid by GM to its employees.
 {¶ 30} Ohio Administrative Code Section 4141-9-04 (B) sets forth terms which may be construed as remuneration: Vacation pay or allowance, separation pay, holiday pay, paid absence allowance, down-time paid absence allowance, or short-week pay.
 {¶ 31} The payment GM made under the Memorandum of Understanding which settled the strike does not meet the definition of remuneration. The Memorandum of Understanding provides GM was excused from making contributions to the fringe benefit fund until it had completely recouped all the money it had expended for the onetime special payment. A payment may be hardly construed as remuneration if it is repaid. The trial court itself pointed out the payment cost GM nothing. Likewise, the employees received nothing, because whatever they received in the special payment they gave back in excusing Gm from making the contributions to the fringe benefit fund. In effect, each side was taking money from one pocket and putting in the other, and nothing of value really exchanged hands.
 {¶ 32} I would find the one time payment did not meet the statutory definition of remuneration, and thus the trial court's decision is contrary to law.
 {¶ 33} I would sustain the assignment of error.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Costs assessed to Appellants.